IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
DONALD HELD,                    :    CONSOLIDATED UNDER
                                :    MDL 875
        Plaintiff,              :
                   FILED        :    Transferred from the
                                :    Eastern District of
        v.         DEC - 3      :    Wisconsin
                                :    (Case No. 00-00043)
                   MICHAEL E.   :
                   By           :
AC AND S, INC.                  :    E.D. PA CIVIL ACTION NO.
et al.,                         :    2:10-67814-ER
                                :
        Defendants.             :
```

## O R D E R

**AND NOW,** this **2nd** day of **December, 2013,** it is hereby

**ORDERED** that Plaintiff's "Motion to Modify the Orders entered

June 19, 2013 to Include Determination Under Rule 54(b)" (ECF No.

202) is **DENIED.**[1]

_____

[1]      This is a multi-defendant, multi-claim asbestos
personal injury case. The case was transferred from the United
States District Court for the Eastern District of Wisconsin to
the United States District Court for the Eastern District of
Pennsylvania as part of MDL-875.

        By Order dated June 18, 2013 (entered June 19, 2013),
this Court granted partial summary judgment in favor of
defendants Georgia Pacific Corporation and Owens-Illinois Corp.,
two of many defendants in the case, disposing of a single claim
for lung cancer that Plaintiff sought to pursue against both
defendants in this case. Plaintiff seeks an order under Rule
54(b) of the Federal Rules of Civil Procedure that would direct
the entry of a final judgment as to that claim for lung cancer,
so that he may appeal this Court's ruling disposing of the claim
on grounds of the collateral order doctrine.

        This Court disposed of Plaintiff's purported claim for
lung cancer on the grounds that (1) Wisconsin law (as set forth
in Sopha v. Owens Corning Fiberglas Corporation GAF, 230 Wis.2d
212, 227 (Wis. 1999), requires plaintiff to bring a claim for
lung cancer that is separate from plaintiff's claim for
"asbestos-related pleural disease," (2) plaintiff's complaint did

not include a separate claim for lung cancer, and (3) plaintiff failed to establish "good cause" pursuant to Rule 16(b)(4) for waiting to seek to amend the complaint to add this claim until the summary judgment phase of the case (i.e., after the Court ordered deadline for amendments had passed). Plaintiff asserts that his motion should be granted – and entry of a final judgment on the claim directed by this Court – because there is no just reason for delay.

## I.   **Legal Standard**

Rule 54(b) of the Federal Rules of Civil Procedure provides that, when an action involves more than one claim for relief, or when multiple parties are involved, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Certification of a final decision under Rule 54(b) entails two separate findings: that (1) there has been a final judgment on the merits; and (2) there is "no just reason for delay." Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 202 (3d Cir. 2006) (quotation marks and citation omitted).

In determining whether no just reason for delay exists, a district court should consider the following factors: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a setoff against the judgment to be made final; and (5) other factors, such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Id. at 203; Allis-Chalmers Corp. v. Phila. Elec. Co., 521 F.2d 360, 364 (3d Cir. 1975).

Rule 54(b) requests need not be granted routinely. Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 10, 100 S. Ct. 1460, 64 L. Ed. 2d 1 (1980). A district court must be careful "to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" Id. at 8 (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438, 76 S. Ct. 895, 100 L. Ed. 1297 (1956)). The decision of whether to grant a Rule 54(b) motion is left to "the sound judicial discretion of the district court." Id. The moving party must demonstrate that its case is one of the "'infrequent harsh case[s]'" that merit "'a favorable exercise of discretion.'" U.S.

IT IS SO ORDERED.

Eduardo C. Robreno, J.

---

Claims, Inc. v. Flomenhaft & Cannata, LLC, 519 F. Supp. 2d 515,
531 (E.D. Pa. 2006) (quoting Allis-Chalmers Corp., 521 F.2d at
365).

## II.  Analysis

A main purpose of MDL 875 is to streamline asbestos
cases for pretrial purposes. Cases remain in the MDL up through
the summary judgment phase, and then the MDL 875 Court suggests
that the cases be remanded to the transferor court for further
proceedings, including trial. The policy behind MDL 875 would be
frustrated if, after ruling on motions for summary judgment, the
MDL Court issued Rule 54(b) certifications, which would result in
piecemeal appeals and would lead to cases being delayed while
some parties appealed decisions adverse to them.

In the present case, Rule 54(b) certification, and the
subsequent appeal to the Third Circuit Court of Appeals would
delay the administration of justice, as the case would be waiting
for Third Circuit determination rather than proceeding in the
transferor court. Given these considerations, the Court finds
that Plaintiff has not demonstrated that the case is one of the
"infrequent harsh cases" that would merit a Rule 54(b)
certification. Allis-Chalmers Corp., 521 F.2d at 365.